Humberto M. Guizar, Esq., (SBN 125769)
**LAW OFFICES OF HUMBERTO GUIZAR**
**A PROFESSIONAL CORPORATION**
3500 W. Beverly Blvd.,
Montebello, California 90640
Tel: (323) 725-1151; Fax: (323) 597-0101
Email: HGuizar@GHCLegal.com

Christian Contreras, Esq., (SBN 330269)
**LAW OFFICES OF CHRISTIAN CONTRERAS**
**PROFESSIONAL LAW CORPORATION**
360 E. 2nd St., 8th Floor
Los Angeles, California 90012
Tel: (323) 435-8000; Fax: (323) 597-0101
Email: CC@Contreras-Law.com

Attorneys for Plaintiffs,
ESTATE OF GREGORY MARTINEZ, et al.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF GREGORY MARTINEZ, by and through successor in interest, JUDY MARTINEZ; JUDY MARTINEZ, individually; GREGORY MARTINEZ, JR., individually; TIMOTHY MARTINEZ, individually; MATHEW MARTINEZ, individually; and AURORA ENGLAND, individually,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF LOS ANGELES, a public entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; ALEJANDRO VILLANUEVA, in his individual and official capacities; and DOES 1 through 10, individually,<br><br>    Defendants. | **CASE NO.: 2:23-cv-5586**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Failure to Protect from Harm, Fourteenth Amendment Violation (42 U.S.C. § 1983);<br>2. Failure to Provide Medical Care, Fourteenth Amendment Violation (42 U.S.C. § 1983);<br>3. Deprivation of the Right to Familial Relationship with Decedent (42 U.S.C. § 1983);<br>4. Policies, Customs, Practices Causing Constitutional Violations (*Monell*, 42 U.S.C. § 1983);<br>5. Supervisory Liability Causing Constitutional Violations (Failure to Properly Train, Supervise and Discipline, 42 U.S.C. § 1983);<br>6. Negligence – Wrongful Death;<br>7. Negligence – Medical Malpractice;<br>8. Violation of California Government Code §845.6;<br>9. Violation of California Civil Code §52.1 (Tom Bane Act);<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of California. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

2.     This Court has the authority to grant the requested declaratory relief pursuant to 28 U.S.C. §§ 2201, as well as Federal Rules of Civil Procedure 57, including pursuant to the Court's inherent equitable powers.

3.     Venue is proper within the Central District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2) because all Defendants reside within this district and the events and omissions giving rise to Plaintiffs' claims occurred within this district.

4.     Plaintiffs have complied with the California Tort Claims Act requirements with respect to their claims arising under state law.

5.     With respect to these supplemental state claims, Plaintiffs request that this Court exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over such claims as they arise from the same facts and circumstances which underlie the federal claims.

## PARTIES

6.     Plaintiff JUDY MARTINEZ, is and was, at all times relevant hereto, the lawful wife of decedent GREGORY MARTINEZ, and at all times relevant hereto was a resident of the County of Los Angeles, California. Plaintiff JUDY MARTINEZ brings these claims pursuant to California Code of Civil Procedure §§ 377.20 *et seq.* and 377.60 *et seq.*, which provide for survival and wrongful death actions. Plaintiff JUDY MARTINEZ also brings her claims individually and on behalf of decedent GREGORY MARTINEZ on the basis of 42 U.S.C. §§ 1983 and 1988, the United States Constitution, federal and state civil rights law and California law. Plaintiff JUDY MARTINEZ also brings these claims as a Private Attorney General, to vindicate not only her rights, but others' civil rights of great importance.

///

2

**COMPLAINT FOR DAMAGES**

7.     GREGORY MARTINEZ, JR., TIMOTHY MARTINEZ, MATHEW MARTINEZ, and AURORA ENGLAND, were the natural children of GREGORY MARTINEZ. GREGORY MARTINEZ, JR., TIMOTHY MARTINEZ, MATHEW MARTINEZ, and AURORA ENGLAND bring their claims in their individual capacities and seek wrongful death damages.

8.     Defendant COUNTY OF LOS ANGELES (hereinafter also "COUNTY") owns, operates, manages, directs and controls Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT (hereinafter also "LASD"), also a separate public entity, which employs other Doe Defendants in this action. At all times relevant to the facts alleged herein, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees, including LASD employees complied with the laws and the Constitutions of the United States and of the State of California.  Defendant COUNTY, through LASD, is and was responsible for ensuring the protection and safety of all persons incarcerated at the LASD correctional facilities, including the Twin Towers Correctional Facility.

9.     Defendant ALEJANDRO VILLANUEVA ("FORMER SHERIFF VILLANUEVA"), at all times mentioned herein, was the Sheriff of Defendant COUNTY OF LOS ANGELES, the highest position in the COUNTY Jails. As Sheriff, Defendant VILLANUEVA is and was responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and control of all COUNTY Jails' employees and/or agents. Defendant FORMER SHERIFF VILLANUEVA is and was charged by law with oversight and administration of the COUNTY Jails, including ensuring the safety of the inmates housed therein. Defendant FORMER SHERIFF VILLANUEVA also is and was responsible for the promulgation of the policies and procedures and allowance of the practices/customs pursuant to which the acts of the COUNTY Jails alleged herein were committed. Defendant FORMER SHERIFF VILLANUEVA is being sued in his individual and official capacities.

///

**COMPLAINT FOR DAMAGES**

10.     Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 10 ("DOE Defendants") and therefore sue these Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of each DOE Defendant when they have been ascertained.

11.     The identities, capacities, and/or nature of involvement of the defendants sued as DOES 1 through 10 are presently unknown to the Plaintiffs who therefore sue these defendants by fictitious names. Plaintiffs are informed, believe, and thereupon allege that DOES 1 through 10 include individual law enforcement personnel and medical personnel employed by the LASD and the COUNTY Correctional Health Services, and that they were involved in some manner and are legally responsible for the wrongful acts and conduct alleged herein. Plaintiffs will amend this complaint to substitute the DOE Defendants' true names and capacities when they have been ascertained. Plaintiffs are informed, believe, and thereupon allege that each DOE defendant is a resident of California. Upon information and belief, DOES 1 through10 were and still are residents of the COUNTY OF LOS ANGELES, California. DOES 1 through 10 are sued in both their individual and official capacities.

12.     At all relevant times, DOES 7 and 8 were managerial, supervisorial, training, and/or policymaking employees of Defendant COUNTY Correctional Health Services. At the time of the incident, DOES 7 and 8 were acting under color of law within the course and scope of their duties as employees for the COUNTY Correctional Health Services. They had supervisorial authority over DOES 1-10, and the COUNTY Correctional Health Services employees at the COUNTY Jails. DOES 7 and 8 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

13.     At all relevant times, DOES 9 and 10 were managerial, supervisorial, training, and/or policymaking employees of Defendant COUNTY. At the time of the

1  incident, DOES 9 and 10 were acting under color of law within the course and scope of
2  their duties as employees for the LASD and/or the COUNTY. They had supervisorial
3  authority over DOES 1-10, and the employees of the LASD. DOES 9 and 10 were acting
4  with the complete authority and ratification of their principal, Defendant COUNTY.

5      14.    Each of the defendants, including the DOE defendants, caused, and is
6  responsible for, the unlawful conduct and resulting injuries suffered by Plaintiffs by,
7  among other things, personally participating in the unlawful conduct, acting jointly, or
8  conspiring with others who did so; by ordering, authorizing, acquiescing in, or setting
9  in motion policies, plans, or actions that led to the unlawful conduct, by failing to take
10  action to prevent the unlawful conduct; by failing and refusing to initiate and maintain
11  adequate training and supervision; by failing to enact policies to address the
12  constitutional rights of protesters despite the obvious need for such a policy; and by
13  ratifying the unlawful conduct that occurred by agents and officers under their direction
14  and control, including failing to take remedial or disciplinary action.

15     15.    Plaintiffs are informed and believe and thereon allege that each of the
16  Defendants was at all material times an agent, servant, employee, partner, joint venturer,
17  co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things
18  herein alleged, was acting within the course and scope of that relationship. Plaintiffs are
19  further informed and believe and thereon allege that each of the Defendants herein gave
20  consent, aid, and assistance to each of the remaining Defendants, and ratified and/or
21  authorized the acts or omissions of each Defendant as alleged herein, except as may be
22  hereinafter specifically alleged. At all material times, each Defendant was jointly
23  engaged in tortious activity and an integral participant in the conduct described herein,
24  resulting in the deprivation of Plaintiffs' and decedent GREGORY MARTINEZ's
25  constitutional rights and other harm.

26     16.    Plaintiffs are informed, believe, and thereupon allege that, at all times
27  relevant hereto, Defendants, and each of them, acted as the agents, servants, and
28  employees of each of the other defendants.

17.     In doing each of the acts and/or omissions alleged herein, Defendants, and each of them, acted within the course and scope of their employment.

18.     In doing each of the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under the color of law.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

19.     On June 3, 2022, GREGORY MARTINEZ was taken into the custody of the Los Angeles County Sheriff's Department. As soon as GREGORY MARTINEZ was arrested and taken into custody, GREGORY MARTINEZ advised deputies that he had Alzheimer's and Dementia and also needed his medications. Indeed, JUDY MARTINEZ  also told deputies that GREGORY MARTINEZ had Alzheimer's and Dementia and that he would not know where he was or what was happening. However, deputies refused to give GREGORY MARTINEZ his medications. Deputies advised JUDY MARTINEZ that they were allegedly going to take GREGORY MARTINEZ to the hospital, but did not do such initially.

20.     Upon information and belief, GREGORY MARTINEZ was booked in to Men's Central Jail and completed a preliminary medical and psychological screening.

21.     Despite having undergone a preliminary medical and psychological screening at the time of booking, and despite obvious signs that GREGORY MARTINEZ  suffered from serious health issues, GREGORY MARTINEZ was placed in the general population without any designation regarding his medical condition that would alert those in charge of his care that he required monitoring, medical treatment, psychological treatment, and follow-up care, including providing GREGORY MARTINEZ his required medication.

22.     The following morning, on June 4, 2023, GREGORY MARTINEZ's daughter called LASD and was informed that GREGORY MARTINEZ had a difficult night because of his Dementia and that they were not equipped to handle him. Therefore, Saturday June 4, 2022. GREGORY MARTINEZ was moved to Twin Towers Correctional Facility.

**COMPLAINT FOR DAMAGES**

23.     On June 5, 2022, JUDY MARTINEZ spoke with someone from Twin Towers Correctional Facility. JUDY MARTINEZ asked "[h]as my husband been getting his medication?" There was no response to JUDY MARTINEZ's direct question. JUDY MARTINEZ again told sheriff deputies that GREGORY MARTINEZ had Dementia and could not comprehend what was occurring.

24.     Upon information and belief, upon receiving additional express information that GREGORY MARTINEZ had serious health issues, Defendants DOES 1-10, inclusive, and each of them, deliberately failed to address GREGORY MARTINEZ's health issues and medical needs.

25.     On June 6, 2022, GREGORY MARTINEZ was found unresponsive in his cell which finally prompted Defendants DOES 1-10, inclusive, to address GREGORY MARTINEZ's medical needs. On June 7, 2022, JUDY MARTINEZ received a call from the hospital and was informed that GREGORY MARTINEZ was very sick and that they did not expect him to live more than a few hours.

26.     On June 7, 2023, GREGORY MARTINEZ died.

27.     Upon information and belief, COUNTY medical and custody staff had an opportunity to observe the clear signs of GREGORY MARTINEZ's medical needs including symptoms of Alzheimer's and Dementia. In fact, GREGORY MARTINEZ was in desperate need of his medications and medical care. However, despite these express signs, the COUNTY medical and custody staff were indifferent to GREGORY MARTINEZ 's health and safety.

28.     Upon information and belief, due to the COUNTY Jails patterns and practices of not conducting proper and timely Title 15 welfare and safety checks, GREGORY MARTINEZ's dire need for emergency medical intervention went unnoticed by the Twin Towers Correctional Facility custody, medical and mental health staff, who were responsible for monitoring and ensuring the welfare of all inmates, including GREGORY MARTINEZ.

///

**COMPLAINT FOR DAMAGES**

29.     GREGORY MARTINEZ was a pretrial detainee, and therefore, innocent until proven guilty.

### **FIRST CLAIM FOR RELIEF**

**Failure to Protect from Harm,**

**Violation of the Fourteenth Amendment to the United States Constitution**

**(Survival Action – 42 U.S.C. § 1983)**

**By Plaintiff Estate of GREGORY MARTINEZ As Against DOES 1 through 10**

30.     Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

31.     Defendants COUNTY, LASD and DOES 1 through 10 were on notice that their deficient policies, procedures, and practices alleged herein created substantial risk of serious harm to an inmate in decedent GREGORY MARTINEZ's position.

32.     Each Defendant could have taken action to prevent unnecessary harm to decedent GREGORY MARTINEZ but refused or failed to do so.

33.     By policy, procedure, and practice, Defendants COUNTY, LASD and DOES 1 through 10 deliberately disregarded the hazards and risks posed to persons incarcerated at the Twin Towers Correctional Facility, as alleged above. Defendants failed to take any reasonable steps to mitigate the obvious and well-known risks of harm that was attendant to housing decedent GREGORY MARTINEZ at Twin Towers Correctional Facility.

34.     Defendants including FORMER SHERIFF VILLANUEVA, and DOES 8 through 10 also knew that deputies routinely failed to conduct required welfare and safety checks at the COUNTY Jails, including Twin Towers Correctional Facility, and failed to take sufficient actions to correct this problem and ensure that necessary checks were performed.

35.     Defendant FORMER SHERIFF VILLANUEVA failed to take corrective action, discipline, or remove the command staff at the COUNTY Jails, including Twin Towers Correctional Facility, who, upon information and belief, directed the deputies

**COMPLAINT FOR DAMAGES**

to falsify safety check logs and violate the COUNTY's safety check policies. Defendant FORMER SHERIFF VILLANUEVA ratified their actions, and the practices used under his watch.

36.     Defendants COUNTY, LASD and DOES 1 through 10 were on notice that their policies, procedures, and practices for monitoring inmates at the COUNTY Jails, including Twin Towers Correctional Facility, were inadequate and gave rise to a substantial risk of serious harm.

37.     Defendants including FORMER SHERIFF VILLANUEVA, and DOES 8 through 10 failed to properly train and supervise LASD custody, medical and mental health staff regarding policies, procedures, and practices necessary for the protection of inmates from risks and hazards existing within the COUNTY Jails, including Twin Towers Correctional Facility.

38.     Defendants including FORMER SHERIFF VILLANUEVA, and DOES 8 through 10's failure to correct their policies, procedures, and practices despite notice of significant and dangerous problems evidences deliberate indifference to the inmates in their care.

39.     Defendants FORMER SHERIFF VILLANUEVA, and DOES 8 through 10 ratified Defendants DOES's actions and inactions amounting to constitutional violations.

40.     Defendants DOES 1 through 10's failure to conduct the required safety check of decedent GREGORY MARTINEZ's housing unit on the date of his death evidences deliberate indifference to the risk of harm to decedent GREGORY MARTINEZ.

41.     Upon information and belief, Defendants FORMER SHERIFF VILLANUEVA, and DOES 8 through 10 ratified Defendants DOES's failure to conduct safety checks and falsification of logs.

42.     As a direct and proximate result of Defendants' conduct, the civil right of GREGORY MARTINEZ, as protected by the Fourteenth Amendment of the United

States Constitution were violated. Further, decedent GREGORY MARTINEZ experienced physical pain, severe emotional distress, and mental anguish, as well as loss of his life and other damages alleged herein.

43.     Defendants subjected decedent GREGORY MARTINEZ to their wrongful conduct, depriving Decedent of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Decedent and others would be violated by their acts and/or omissions.

44.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Decedent, through Plaintiffs herein, sustained injuries and damages.

45.     The conduct of Defendants entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiff does not seek punitive damages against Defendants COUNTY.

46.     Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

## SECOND CLAIM FOR RELIEF

### Failure to Provide Medical Care,

### Violation of the Fourteenth Amendment to the United States Constitution

### (Survival Action – 42 U.S.C. § 1983)

### By Plaintiff Estate of GREGORY MARTINEZ As Against DOES 1 through 10

47.     Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

48.     By the actions and omissions described above, Defendants DOES 1 through 10, as alleged herein, violated 42 U.S.C. § 1983, depriving decedent GREGORY MARTINEZ, through Plaintiffs herein, of the following clearly established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution: Decedent's right to be free from deliberate indifference to GREGORY MARTINEZ's serious medical and mental health needs while in custody as a pretrial detainee as secured by the Fourth and/or

**COMPLAINT FOR DAMAGES**

Fourteenth Amendments.

49.     Indeed, it was clear as soon as GREGORY MARTINEZ was taken into custody that he needed medical care. However, despite GREGORY MARTINEZ's need for medical care, Defendants DOES 1 through 10, failed to provide GREGORY MARTINEZ with any medical care. Worse yet, even after being screened when booked, Defendants DOES 1 through 10, were further deliberately indifferent to GREGORY MARTINEZ's medical needs. Finally, on June 6, 2022, GREGORY MARTINEZ was found unresponsive in his cell which was caused by Defendants DOES 1 through 10, ignoring GREGORY MARTINEZ's medical needs.

50.     By the actions and omissions described above, Defendants DOES 1 through 10, as alleged herein, including but not limited to their failure to provide decedent GREGORY MARTINEZ with appropriate emergency medical and mental health care, along with the acts and/or omissions of Defendants in failing to train, supervise, and/or promulgate appropriate policies and procedures to provide emergency medical and mental health care and life saving care to persons in their custody,  constituted deliberate indifference to GREGORY MARTINEZ's serious medical and mental health needs, health, and safety.

51.     As a direct and proximate result of Defendants' conduct, the civil rights of GREGORY MARTINEZ, as protected by the Fourteenth Amendment of the United States Constitution were violated. Further, decedent GREGORY MARTINEZ experienced physical pain, severe emotional distress, and mental anguish, as well as loss of his life and other damages alleged herein.

52.     Defendants subjected Decedent to their wrongful conduct, depriving Decedent of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Decedent and others would be violated by their acts and/or omissions.

53.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Decedent, through Plaintiff herein, sustained injuries and damages.

54.    The conduct of Defendants entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiff does not seek punitive damages against Defendants COUNTY.

55.    Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

## THIRD CLAIM FOR RELIEF

**Deprivation of the Right to Familial Relationship with Decedent,**

**Violation of the Fourteenth Amendment to the United States Constitution**

**(42 U.S.C. § 1983)**

**By All Plaintiffs As Against DOES 1 through 10**

56.    Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

57.    The aforementioned acts and/or omissions of Defendants DOES 1 through 10 in being deliberately indifferent to decedent GREGORY MARTINEZ's protection, safety, and serious medical and mental health needs, violating decedent GREGORY MARTINEZ's constitutional rights, and their failure to train, supervise, and/or take other appropriate measures to prevent the acts and/or omissions that caused the untimely and wrongful death of GREGORY MARTINEZ deprived Plaintiffs JUDY MARTINEZ, GREGORY MARTINEZ, JR., TIMOTHY MARTINEZ, MATHEW MARTINEZ, and AURORA ENGLAND, of their liberty interests in the familial relationship in violation of their substantive due process rights as defined by the Fourteenth Amendments of the Constitution.

58.    All of the acts of Defendants DOES 1 through 10 and the persons involved were done under color of state law.

59.    The acts and omissions of each Defendant deprived Plaintiffs JUDY MARTINEZ, GREGORY MARTINEZ, JR., TIMOTHY MARTINEZ, MATHEW MARTINEZ, and AURORA ENGLAND, of rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited to the

Fourteenth Amendment by, among other things, depriving Plaintiffs of their rights to a familial relationship with decedent GREGORY MARTINEZ without due process of law by their deliberate indifference in denying GREGORY MARTINEZ protection and safety while incarcerated at Twin Towers Correctional Facility and access to medical care while suffering a medical emergency at Twin Towers Correctional Facility.

60.   Defendants DOES 1 through 10 and the other involved agents and employees acted pursuant to expressly adopted official policies or longstanding practices or customs of the COUNTY and LASD. These include policies and longstanding practices or customs of failing to provide persons in pretrial custody who are experiencing medical emergencies access to medical care as stated above and incorporated herein.

61.   In addition, the training policies of the COUNTY and LASD were not adequate to train its deputies, agents and employees to handle the usual and recurring situations with which they must deal with, including but not limited to encounters with individuals in pretrial custody who are experiencing medical emergencies. These Defendants and each of them knew that its failure to adequately train its COUNTY custody, medical and mental health staff, including other agents and employees, to interact with individuals suffering from medical emergencies made it highly predictable that its custody, medical and mental health staff would engage in conduct that would deprive persons such as decedent GREGORY MARTINEZ, and thus Plaintiffs of their rights. These Defendants were thus deliberately indifferent to the obvious consequences of their failure to train their deputies, agents and employees adequately.

62.   Defendants COUNTY and LASD's official policies and/or longstanding practices or customs, including but not limited to its training policies, caused the deprivation of the constitutional rights of Plaintiffs JUDY MARTINEZ, GREGORY MARTINEZ, JR., TIMOTHY MARTINEZ, MATHEW MARTINEZ, and AURORA ENGLAND, and decedent GREGORY MARTINEZ by each individual Defendant's

official policies and/or longstanding practices or customs are so closely related to GREGORY MARTINEZ's injuries and death and thus the deprivation of the rights of Plaintiffs as to be the moving force causing those injuries.

63.     Defendant FORMER SHERIFF VILLANUEVA, a final policymaker for the COUNTY and LASD, ratified the actions and omissions of Defendants DOES 1 through 10, all of whom were custody, medical and mental health staff at the COUNTY Jails, including Twin Towers Correctional Facility, in that he had knowledge of and made a deliberate choice to approve their unlawful acts and omissions.

64.     As a direct and proximate result of Defendants' conduct, the civil rights of GREGORY MARTINEZ, as protected by the Fourteenth Amendment of the United States Constitution were violated. Further, decedent GREGORY MARTINEZ experienced physical pain, severe emotional distress, and mental anguish, as well as loss of his life and other damages alleged herein.

65.     Defendants subjected Decedent to their wrongful conduct, depriving Decedent of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Decedent and others would be violated by their acts and/or omissions.

66.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages.

67.     The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not seek punitive damages against Defendants COUNTY.

68.     Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

///

///

///

///

1

2

3

4

5

6

## FOURTH CLAIM FOR RELIEF

**Municipal Policies, Customs, Practices Causing Constitutional Violations**

**(*Monell* - 42 U.S.C. § 1983)**

**By Plaintiff ESTATE OF GREGORY MARTINEZ As Against Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT**

7

8

69.     Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

9

10

70.     At all times relevant hereto, the COUNTY custody, medical and mental health staff were required to adhere to and enforce the following policy and procedures:

11

12

13

14

a.      To deny pretrial detainees and other inmates access to timely, appropriate, competent, and necessary care for serious medical needs, requiring such inmates in crisis to remain untreated in jail instead of providing for their emergency medical needs;

15

16

17

18

b.      To allow and encourage deputies doing regular cell checks on inmates, including in safety cells, to fail to document their actual observations of the inmate's condition and status, in violation of the County of Los Angeles' written policies and state law;

19

20

c.      To allow and encourage inadequate and incompetent medical care for jail inmates and arrestees;

21

22

23

24

d.      To hire, retain and contract for obviously inadequate medical care for jail inmates and arrestees, including creating financial incentives for custodial and medical personnel not to send inmates with emergency medical needs to a hospital;

25

26

27

e.      To allow, encourage, and require medical staff, including licensed vocational nurses and registered nurses, to work outside their legal scope of practice and without appropriate supervision;

28

f.      To fail to train custody staff that medical staff, including licensed

15

vocational nurses, are not competent to assess or decide inmates' medical conditions, medical needs, or whether the inmate should be permitted to remain in the jail versus being sent to a hospital;

g.   To allow, encourage, and require unlicensed, incompetent, inadequately trained and/or inadequately supervised staff to assess inmates' medical condition, needs, and treatment, including to decide whether or not to provide inmates with necessary emergency care and hospitalization;

h.   To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling persons in medical crisis;

i.   To cover up violations of constitutional rights by any or all of the following:

   i.   By failing to properly investigate and/or evaluate incidents of violations of rights, including by unconstitutional medical care at the jail;

   ii.   By ignoring and/or failing to properly and adequately investigate and/or investigate and discipline unconstitutional or unlawful conduct by custodial and medical personnel;

   iii.   By turning a blind eye to custodial and medical personnel who direct, aid, and/or assist with the distribution of hazards, including illicit drugs, into the Los Angeles County jails; and

   iv.   By allowing, tolerating, and/or encouraging custodial and medical personnel to: fail to file complete and accurate reports; file false reports; make false statements; and/or obstruct or interfere with investigations of unconstitutional or unlawful conduct by withholding and/or concealing material information;

j.   To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers, LASD personnel, custodial personnel and medical

personnel at the jail whereby an officer or member of the LASD or medical staff does not provide adverse information against a fellow officer, or member of the LASD or the medical staff;

k.   To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in subparagraphs (a) through (j) above, with deliberate indifference to the rights and safety of pretrial detainees, such as Decedent, and in the face of an obvious need for such policies, procedures, and training programs.

71.   The unconstitutional actions and/or omissions of Defendants DOES 1 through 10, as well as other officers employed by or acting on behalf of the COUNTY and LASD, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the COUNTY and the LASD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policymaking officers for the COUNTY and LASD, including FORMER SHERIFF VILLANUEVA:

a.   To fail to properly and adequately hire, train, supervise, and monitor custodial and medical personnel at the jails;

b.   To fail to use appropriate and generally accepted law enforcement procedures for handling persons in medical crisis;

c.   To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling persons in medical crisis;

d.   To cover up violations of constitutional rights by any or all of the following:

i.   By failing to properly investigate and/or evaluate complaints or incidents of handling of persons in medical crisis;

ii.    By ignoring and/or failing to properly and adequately investigate and/or discipline unconstitutional or unlawful law enforcement

1  activity; and

2  iii.   By allowing, tolerating, and/or encouraging law enforcement

3  officers to: fail to file complete and accurate reports; file false

4  reports; make false statements; intimidate, bias and/or "coach"

5  witnesses to give false information and/or to attempt to bolster

6  officers' stories; and/or obstruct or interfere with investigations of

7  unconstitutional or unlawful law enforcement conduct by

8  withholding and/or concealing material information;

9  e.   To allow, tolerate, and/or encourage a "code of silence" among law

10  enforcement officers whereby an officer does not provide adverse

11  information against a fellow law enforcement officer;

12  f.   To allow, tolerate, and/or encourage a "code of silence" among custodial

13  and medical personnel at the COUNTY jails whereby custodial and

14  medical personnel does not provide adverse information against a fellow

15  staffer;

16  g.   To fail to have and enforce necessary, appropriate, and lawful policies,

17  procedures, and training programs to prevent or correct the

18  unconstitutional conduct, customs, and procedures described in

19  subparagraphs (a) through (g) above, with deliberate indifference to the

20  rights and safety of pretrial detainees, such as Decedent, and in the face of

21  an obvious need for such policies, procedures, and training programs.

22  72.   Defendants COUNTY and LASD, through their employees and agents,

23  and through their policy-making supervisors, FORMER SHERIFF VILLANUEVA

24  and DOES 8 through 10, failed to properly hire, train, instruct, monitor, supervise,

25  evaluate, investigate, and discipline Defendants DOES 1 through 10, and other

26  COUNTY and LASD personnel, with deliberate indifference to the constitutional

27  rights of decedent GREGORY MARTINEZ, Plaintiff and others in similar positions,

28  as described above, and therefore, those rights thereby violated.

73.    The unconstitutional actions and/or omissions of Defendants DOES 1 through 10, and other LASD custody and medical staff,  as described above, were approved, tolerated, and/or ratified by policymaking officers for the COUNTY and LASD,  including Defendants FORMER SHERIFF VILLANUEVA and DOES 8 through 10. Plaintiff is informed and believes and thereon alleges that the details of this incident have been revealed to the authorized policymakers within the COUNTY and LASD, and that such policymakers have direct knowledge of the fact that the death of GREGORY MARTINEZ was the result of deliberate indifference to his rights to be protected and safe while in the custody of the COUNTY/LASD, and his rights to have access to medical care when suffering a medical emergency. Notwithstanding this knowledge, the authorized policymakers within the COUNTY and LASD have approved of the conduct and decisions of Defendants DOES 1 through 10 in this matter, and have made a deliberate choice to endorse such conduct and decisions, and the basis for them, that resulted in the death of GREGORY MARTINEZ. By so doing, the authorized policymakers within the COUNTY and LASD have shown affirmative agreement with the individual Defendants' actions and have ratified the unconstitutional acts of the individual Defendants. Furthermore, Plaintiffs are informed and believe, and thereupon allege, that Defendants FORMER SHERIFF VILLANUEVA and DOES 8 through 10, and other policy-making officers for the COUNTY and LASD were and are aware of a pattern of misconduct and injury caused by COUNTY Jails custody and medical staff similar to the conduct of Defendants described herein, but failed to discipline culpable custody and medical staff and failed to institute new procedures and policy within the COUNTY and LASD.

74.    The aforementioned customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of Defendants COUNTY and LASD were a moving force and/or a proximate cause of the deprivations of decedent GREGORY

MARTINEZ's clearly established and well-settled constitutional rights in violation of 42 U.S.C. § 1983. Defendants subjected decedent GREGORY MARTINEZ to their wrongful conduct, depriving decedent GREGORY MARTINEZ of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of decedent GREGORY MARTINEZ, Plaintiff and others would be violated by their acts and/or omissions.

75.    As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants COUNTY and LASD, as described above, decedent GREGORY MARTINEZ suffered serious injuries and death, Plaintiff is entitled to damages, penalties, costs, and attorneys' fees against Defendants COUNTY and LASD.

## FIFTH CLAIM FOR RELIEF

**Supervisory Liability Causing Constitutional Violations,**

**(Failure to Properly Train, Supervise and Discipline, 42 U.S.C. § 1983)**

**By Plaintiff Estate of GREGORY MARTINEZ As Against Defendants**

**ALEJANDRO VILLANUEVA, and DOES 7 through 10**

76.    Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

77.    At all material times, FORMER SHERIFF VILLANUEVA and DOES 8 through 10 had the duty and responsibility to constitutionally hire, train, instruct, monitor, supervise, evaluate, investigate, staff, and discipline the other Defendants employed by their respective agencies in this matter, as well as all employees and agents of the COUNTY and LASD.

78.    Defendants FORMER SHERIFF VILLANUEVA, and DOES 8 through 10 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline the respective employees of their agencies, including Defendants DOES 1 through 10, and other COUNTY and LASD personnel, with deliberate indifference to Plaintiffs', decedent GREGORY MARTINEZ's, and others' constitutional rights,

1   which were thereby violated as described above.

2       79.    As supervisors, Defendants FORMER SHERIFF VILLANUEVA, and

3   DOES 8 through 10 each permitted and failed to prevent the unconstitutional acts of

4   other Defendants and individuals under their supervision and control, and failed to

5   properly supervise such individuals, with deliberate indifference to the rights to safety

6   and protections while incarcerated at Twin Towers Correctional Facility and the rights

7   to the serious medical and mental health needs of decedent GREGORY MARTINEZ.

8   Supervising Defendants either directed his or her subordinates in conduct that violated

9   Decedent's rights, or set in motion a series of acts and omissions by his or her

10  subordinates that the supervisor knew or reasonably should have known would deprive

11  decedent GREGORY MARTINEZ of rights, or knew his or her subordinates were

12  engaging in acts likely to deprive decedent GREGORY MARTINEZ of rights and

13  failed to act to prevent his or her subordinate from engaging in such conduct, or

14  disregarded the consequence of a known or obvious training deficiency that he or she

15  must have known would cause subordinates to violate decedent GREGORY

16  MARTINEZ's rights, and in fact did cause the violation of decedent GREGORY

17  MARTINEZ's rights. (*See*, Ninth Circuit Model Civil Jury Instruction 9.4).

18  Furthermore, each of these supervising Defendants is liable in their failures to intervene

19  in their subordinates' apparent violations of decedent GREGORY MARTINEZ' rights.

20      80.    The unconstitutional customs, policies, practices, and/or procedures of

21  Defendants COUNTY and LASD, as stated herein, were directed, encouraged,

22  allowed, and/or ratified by policymaking officers for Defendants COUNTY and

23  LASD, including Defendants FORMER SHERIFF VILLANUEVA, and DOES 8

24  through 10, respectively, with deliberate indifference to Plaintiff's, decedent

25  GREGORY MARTINEZ's, and others' constitutional rights, which were thereby

26  violated as described above.

27      81.    The unconstitutional actions and/or omissions of Defendants DOES 1

28  through 10, and other COUNTY and LASD personnel, as described above, were

approved, tolerated, and/or ratified by policymaking officers for the COUNTY and LASD, including Defendants FORMER SHERIFF VILLANUEVA, and DOES 8 through 10.

82.     Plaintiff is informed and believes and thereon alleges that the details of this incident have been revealed to Defendants FORMER SHERIFF VILLANUEVA, and DOES 8 through 10 and that such Defendant-policymakers have direct knowledge of the fact that the death of decedent GREGORY MARTINEZ was not justified or necessary, but represented deliberate indifference to his rights to be protected and safe while in the COUNTY's custody and his rights to his serious medical and mental health needs, as set forth above. Notwithstanding this knowledge, on information and belief, Defendants FORMER SHERIFF VILLANUEVA and DOES 8 through 10 have approved and ratified of the conduct and decisions of Defendants DOES 1 through 10 in this matter, and have made a deliberate choice to endorse such conduct and decisions, and the basis for them, that resulted in the death of GREGORY MARTINEZ. By so doing, Defendants FORMER SHERIFF VILLANUEVA and DOES 8 through 10 have shown affirmative agreement with the individual Defendants' actions and have ratified the unconstitutional acts of the individual Defendants.

83.     Furthermore, Plaintiffs are informed and believe, and thereupon allege, that Defendants FORMER SHERIFF VILLANUEVA, and DOES 8 through 10 and other policymaking officers for the COUNTY and LASD were and are aware of a pattern of misconduct and injury, and a code of silence, caused by COUNTY and LASD custody, medical and mental health staff personnel similar to the conduct of Defendants described herein, but failed to discipline culpable law enforcement officers and employees and failed to institute new procedures and policy within the COUNTY and LASD.

84.     The aforementioned customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and the unconstitutional orders, approvals, ratification, and

toleration of wrongful conduct of Defendants FORMER SHERIFF VILLANUEVA, and DOES 8 through 10 were a moving force and/or a proximate cause of the deprivations of decedent GREGORY MARTINEZ's clearly established and well-settled constitutional rights in violation of 42 U.S.C. § 1983, as more fully set forth above.

85.     Defendants subjected decedent GREGORY MARTINEZ to their wrongful conduct, depriving decedent GREGORY MARTINEZ of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of decedent GREGORY MARTINEZ and others would be violated by their acts and/or omissions.

86.     As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants FORMER SHERIFF VILLANUEVA, and DOES 8 through 10 as described above, Plaintiff sustained serious and permanent injuries and is entitled to damages, penalties, costs, and attorneys' fees.

## SIXTH CLAIM FOR RELIEF

### Negligence – Wrongful Death

### By All Plaintiffs Solis As Against All Defendants

87.     Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

88.     At all times, Defendants DOES 1 through 10 owed Plaintiffs and decedent GREGORY MARTINEZ the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

89.     At all times, these Defendants owed Plaintiffs and decedent GREGORY MARTINEZ the duty to act with reasonable care.

90.     These general duties of reasonable care and due care owed to Plaintiffs and decedent GREGORY MARTINEZ by these Defendants include but are not limited to the following specific obligations:

a. To summon, or transport Decedent to, necessary and appropriate emergency medical and mental health care;

b. To refrain from unreasonably creating danger or increasing Decedent's risk of harm;

c. To use generally accepted law enforcement procedures and tactics that are reasonable and appropriate for Decedent's status as a person in medical and mental health crisis with serious medical and mental health needs;

d. To conduct state mandated safety and welfare checks of inmates in the custody of the COUNTY Jails;

e. To refrain from abusing their authority granted them by law; and

f. To refrain from violating Plaintiffs' and Decedent's rights as guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

91.    Defendants DOES 1 through 10, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiffs and decedent GREGORY MARTINEZ.

92.    Defendants COUNTY and LASD are vicariously liable for the violations of state law and conduct of their officers, deputies, employees, and agents, including individual named defendants, under California Government Code § 815.2.

93.    As a direct and proximate result of these Defendants' negligence, Plaintiffs and decedent GREGORY MARTINEZ sustained injuries and damages, and against each and every Defendant named in this claim for relief in their individual capacities are entitled to relief, including punitive damages against such individual Defendants.

## SEVENTH CLAIM FOR RELIEF

### Negligence – Medical Malpractice

**By Plaintiff ESTATE OF GREGORY MARTINEZ As Against All Defendants**

94.    Plaintiffs reallege and incorporate herein by reference each of the

preceding paragraphs of this complaint, and any subsequent paragraphs.

95.     Decedent GREGORY MARTINEZ was under the care and treatment of Defendants DOES 1 through 10, all of whom were COUNTY medical staff assigned to the COUNTY Jails, including Twin Towers Correctional Facility, who were required to examine, treat, monitor, prescribe for and care for him and to provide him with medical attention when he suffered a medical emergency. These Defendants, acting within the scope and course of their employment with Defendants COUNTY and LASD, negligently, carelessly and unskillfully cared for, attended, handled, controlled; failed to monitor and follow-up; abandoned; failed to classify, failed to appropriately diagnose and/or refer decedent GREGORY MARTINEZ to specialist medical care providers; negligently failed to provide physician care; negligently failed to provide psychiatry care;  carelessly failed to detect, monitor, and follow-up with his condition; and negligently, carelessly and unskillfully failed to possess and exercise that degree of skill and knowledge ordinarily possessed and exercised by others in the same profession and in the same locality as Defendants for the benefit of their patient and dependent pre-trial detainee GREGORY MARTINEZ.

96.     Defendant supervisors and each of them failed to supervise, train and monitor their subordinates, to maintain proper supervision, classification and staffing, to timely provide decedent GREGORY MARTINEZ emergency medical and mental health care, failed to provide adequate and competent staffing, and to ensure the care and treatment ordered for decedent GREGORY MARTINEZ was provided.

97.     As a direct and legal result of the aforesaid negligence and carelessness of Defendants' actions and omissions, Plaintiffs sustained injuries and damages, and against these Defendants, and each of them, are entitled to compensatory damages and as applicable to this claim for Medical Negligence, to be proven at time of trial.

98.     Defendants COUNTY and LASD are vicariously liable for the violations of state law and conduct of their officers, deputies, employees, and agents, including individual named defendants, under California Government Code § 815.2.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EIGHTH CLAIM FOR RELIEF

### Violation of California Government Code § 845.6

**By Plaintiff ESTATE OF GREGORY MARTINEZ As Against All Defendants**

99.     Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

100.   Defendants DOES 1 through 10 was in need of immediate medical care and treatment, and each failed to take reasonable action to summon immediate medical care and treatment. Each such individual defendant, employed by and acting within the course and scope of his/her employment with Defendants COUNTY and LASD, knowing and/or having reason to know of decedent GREGORY MARTINEZ's need for immediate medical care and treatment, failed to take reasonable action to summon such care and treatment in violation of California Government Code § 845.6.

101.   Defendants COUNTY and LASD are vicariously liable for the violations of state law and conduct of their officers, deputies, employees, and agents, including individual named defendants, under California Government Code § 815.2.

102.   As a direct and proximate result of the aforementioned acts of these Defendants, decedent GREGORY MARTINEZ was injured as set forth above, and their losses entitle Plaintiff to all damages allowable under California law. Plaintiff sustained serious and permanent injuries and is entitled to damages, penalties, costs, and attorney fees under California law, including punitive damages against these individual Defendants.

## NINTH CLAIM FOR RELIEF

### Violation of California Civil Code §52.1 (Tom Bane Act)

**By Plaintiff ESTATE OF GREGORY MARTINEZ As Against All Defendants**

103.   Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

104.   Plaintiff brings the claims in this claim for relief as a survival claim permissible under California law, including Cal. Code of Civ. Proc. § 377.20 *et.*

*seq.*

105.   By their acts, omissions, customs, and policies, Defendants, each acting in concert/conspiracy, as described above, while decedent GREGORY MARTINEZ was in custody, and by threat, intimidation, and/or coercion, interfered with, attempted to interfere with, and violated GREGORY MARTINEZ's rights under California Civil Code § 52.1 and under the United States Constitution and California Constitution as follows:

    a.   The right to be free from objectively unreasonable treatment and deliberate indifference to Decedent's serious medical needs while in custody as a pretrial detainee as secured by the Fourth and/or Fourteenth Amendments to the United States Constitution and by California Constitution, Article 1, §§ 7 and 13;

    b.   The right for the familial association to be free from government interference as secured by the Fourteenth Amendments to the United States Constitution;

    c.   The right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, as secured by the California Constitution, Article 1, § 1; and

    d.   The right to emergency medical and mental health care as required by California Government Code §845.6.

106.   Defendants' violations of decedent GREGORY MARTINEZ's due process rights with deliberate indifference, in and of themselves constitute violations of the Bane Act. Alternatively, separate from, and above and beyond, Defendants' attempted interference, interference with, and violation of GREGORY MARTINEZ's rights as described above, Defendants violated GREGORY MARTINEZ's rights by the following conduct constituting threat, intimidation, or coercion:

    a.   With deliberate indifference to Decedent's serious medical and mental health needs, suffering, and risk of grave harm including death, depriving

Decedent of necessary, life-saving care for his medical needs;

b. With deliberate indifference to hazards that posed a risk to pretrial detainees, such as Decedent;

c. Subjecting Decedent to ongoing violations of his rights to prompt care for his serious medical and mental health needs over days, causing immense and needless suffering, intimidation, coercion, and threats to his life and well-being;

d. Deliberately contracting for and causing the provision of inadequate and incompetent medical health care to Los Angeles County jail detainees and inmates;

e. Requiring medical and mental health staff to work outside their scope of practice, and conduct assessments, triage, and make medical and housing decisions for patients, including Decedent, they are not competent to make; and

f. Instituting and maintaining the unconstitutional customs, policies, and practices described herein, when it was obvious that in doing so, individuals such as Decedent would be subjected to violence, threat, intimidation, coercion, and ongoing violations of rights as Decedent was here.

107.   The threat, intimidation, and coercion described herein were not necessary or inherent to Defendants' violation of decedent GREGORY MARTINEZ's rights, or to any legitimate and lawful jail or law enforcement activity.

108.   Further, all of Defendants' violations of duties and rights, and coercive conduct, described herein were volitional acts; none was accidental or merely negligent.

109.   Further, each Defendant violated decedent GREGORY MARTINEZ's rights reckless disregard and with the specific intent and purpose to deprive him of his enjoyment of those rights and of the interests protected by those rights.

110.   Defendant COUNTY is vicariously liable for the violations of state law and conduct of their officers, deputies, employees, and agents, including individual named defendants, under California Government Code § 815.2.

111.   As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of decedent GREGORY MARTINEZ's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief, including punitive damages against all individual Defendants, and all damages allowed by California Civil Code §§ 52 and 52.1 and California law, not limited to costs attorneys' fees, and civil penalties.

## REQUEST FOR RELIEF

Wherefore, Plaintiffs respectfully requests that the Court enter a judgment as follows:

A.   Wrongful death of GREGORY MARTINEZ, pursuant to Cal. Code of Civ. Proc. § 377.*60 et. seq*.;

B.   Loss of support and familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support, pursuant to Cal. Code of Civ. Proc. § 377.60 *et. seq*.;

C.   GREGORY MARTINEZ's coroner's fees, funeral and burial expenses, pursuant to Cal. Code of Civ. Proc. § 377.20 *et. seq*.;

D.   Violation of GREGORY MARTINEZ's constitutional rights, pursuant to Cal. Code of Civ. Proc. § 377.20 *et. seq*. and federal civil rights law;

E.   GREGORY MARTINEZ's loss of life, pursuant to federal civil rights law;

F.   GREGORY MARTINEZ's conscious pain, suffering, and disfigurement, pursuant to federal civil rights law;

G.   General Damages, including wrongful death and survival damages, in excess of the mandatory amount for jurisdiction in the Unlimited Superior

29

Court;

H.   Non-Economic Damages, including wrongful death and survival damages, according to proof plus all further and proper relief;

I.   Punitive damages as to individual peace officer defendants;

J.   Attorney's fees pursuant to State Law (Cal. Code Civ. Proc. § 1021.5 & private attorney general doctrine);

K.   Penalties under the Tom Bane Act;

L.   Interest; and

M.   All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure §§ 377.20 *et. seq.*, 377.60 *et. seq.*, and 1021.5; California Civil Code §§ 52 *et. seq.*, 52.1; and as otherwise may be allowed by California and/or federal law.

Dated: July 11, 2023     **LAW OFFICES OF CHRISTIAN CONTRERAS**
                         **A PROFESSIONAL LAW CORPORATION**

By: _____
Christian Contreras, Esq.
Attorneys for Plaintiffs,
ESTATE OF GREGORY MARTINEZ, et al.

## DEMAND FOR JURY TRIAL

Plaintiffs, ESTATE OF GREGORY MARTINEZ, JUDY MARTINEZ, GREGORY MARTINEZ, JR., TIMOTHY MARTINEZ, MATHEW MARTINEZ, and AURORA ENGLAND, hereby make a demand for a jury trial in this action.

Dated: July 11, 2023     **LAW OFFICES OF CHRISTIAN CONTRERAS**
                         **A PROFESSIONAL LAW CORPORATION**

By: _____
Christian Contreras, Esq.
Attorneys for Plaintiffs,
ESTATE OF GREGORY MARTINEZ, et al.

**COMPLAINT FOR DAMAGES**