O

# United States District Court
# Central District of California

| | |
|---|---|
| ESTATE OF GREGORY MARTINEZ et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF LOS ANGELES et al., <br><br> Defendants. | Case № 2:23-cv-05586-ODW (JPRx) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [17] [32]** |

## I.   INTRODUCTION

Plaintiffs Judy Martinez, individually and as the successor-in-interest to Decedent Gregory Martinez, along with Gregory Martinez, Jr., Timothy Martinez, Mathew Martinez, and Aurora England, in their individual capacities (collectively "Plaintiffs"), bring this action against Defendants County of Los Angeles ("County"), Los Angeles Sheriff's Department ("LASD"), Sheriff Alejandro Villanueva, in his individual and official capacities, and DOES 1 through 10, individually (collectively "Defendants"). (Compl., ECF No. 1.)  Defendants now move to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  (Mot. Dismiss ("Motion" or "Mot."), ECF No. 17.)  The Motion is fully briefed. (Opp'n,

ECF No. 20; Reply, ECF No. 21.) For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion.[1]

## II. BACKGROUND[2]

On June 3, 2022, Decedent Gregory Martinez ("Martinez") was arrested and taken into custody by LASD deputies. (Compl ¶ 19.) Immediately upon arrest, Martinez and his wife, Judy Martinez, notified the LASD deputies of his Alzheimer's and Dementia medical diagnoses. (*Id.*) Martinez and Judy Martinez also advised the arresting LASD deputies that Martinez required daily medication, otherwise he would "not know where he was or what was happening." (*Id.*) The LASD deputies failed to provide Martinez with his Alzheimer's and Dementia medication and did not take him to the hospital as promised. (*Id.*)

Martinez was subsequently booked into the Men's Central Jail ("MCJ") and underwent a preliminary medical and psychological screening. (*Id.* ¶ 20.) However, despite his medical issues, he was placed in the general population without designators alerting staff to his medical conditions and the need for monitoring. (*Id.* ¶ 21.) Staff at MCJ also failed to provide Martinez with his required medication. (*Id.*)

The following day, June 4, 2022, Martinez's daughter called LASD to check in and was informed that Martinez had a "difficult night" due to his Dementia. (*Id.* ¶ 22.) MCJ concluded it was not equipped to hold Martinez and therefore transferred him to Twin Towers Correctional Facility ("Twin Towers"). (*Id.*)

On June 5, 2022, Judy Martinez spoke with Twin Towers representatives and asked if Martinez had received his required medication. (*Id.* ¶ 23.) The Twin Towers representatives did not respond to the question when asked. (*Id.*) Judy Martinez again

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that well-pleaded factual allegations are accepted as true for purposes of a motion to dismiss).

[2] All factual references derive from Plaintiff's Complaint or attached exhibits, unless otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this Motion. *See Iqbal*, 556 U.S. at 678.

informed LASD deputies that Martinez had Alzheimer's and Dementia and "could not comprehend what was occurring." (*Id.*)  Plaintiffs allege that upon receiving the information regarding Martinez's medical conditions, Defendants DOES 1–10 deliberately failed to address his health issues and needs. (*Id.* ¶ 24.)  On June 6, 2022, Martinez was found unresponsive in his cell, prompting Defendants DOES 1–10 to address Martinez's medical needs. (*Id.* ¶ 25.)  Shortly thereafter, on June 7, 2022, Judy Martinez received a call from the treating hospital informing her that Martinez was "very sick" and not expected to "live more than a few hours." (*Id.*)  Martinez died later that day. (*Id.* ¶ 26.)

On July 11, 2023, Plaintiffs filed their Complaint against Defendants asserting nine causes of action: (1) failure to protect from harm in violation of the Fourteenth Amendment, 42 U.S.C. § 1983; (2) failure to provide medical care in violation of the Fourteenth Amendment, 42 U.S.C. § 1983; (3) deprivation of the right to familial relationship with decedent in violation of the Fourteenth Amendment, 42 U.S.C. § 1983; (4) municipal policies, customs, practices causing constitutional violations, *Monell*[3], 42 U.S.C. § 1983, against the County and LASD only; (5) supervisory liability—failure to train, supervise, and discipline in violation of 42 U.S.C. § 1983, against Alejandro Villanueva and DOES seven through ten only; (6) negligence—wrongful death; (7) negligence—medical malpractice; (8) violation of California Government Code section 845.6; (9) violation of California Civil Code section 52.1 (the "Bane Act"). (*Id.* ¶¶ 30–111.)

Defendants now move this Court to dismiss Plaintiffs' fourth, fifth, sixth, seventh, eighth, and ninth causes of action pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Mot. 3.)

### III.    LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal

---

[3] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

3

theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV.   DISCUSSION

Defendants argue Plaintiffs' causes of action four through nine should be dismissed for failure to state a claim. The Court addresses each cause of action in

turn.

### A.   *Monell* Claim–County & LASD

In their fourth cause of action, Plaintiffs allege that municipal policies, customs, and practices of the County and LASD Defendants were the moving force behind Martinez's constitutional right violations and therefore the County and LASD are liable for Martinez's death pursuant to *Monell*. (Compl. ¶¶ 69–75.) Defendants argue Plaintiffs' fourth cause of action must be dismissed for failure to sufficiently allege *Monell* liability. (Mot. 5–8.)  The Court finds Plaintiffs have failed to state a claim under *Monell*.

To state a claim for *Monell* liability, a plaintiff must allege a constitutional injury that results from, among other things, a custom or policy of the municipality, or a failure to adequately train the municipality's police officers.  *Monell*, 436 U.S. at 690–91; *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).  Where *Monell* liability is based on a policy or custom, a plaintiff must allege several threshold requirements: "(1) that [the plaintiff] possessed a constitutional right of which [they were] deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (first alteration in original).  A "[f]ailure to train may amount to a policy of 'deliberate indifference,' if the need to train was obvious and the failure to do so made a violation of constitutional rights likely." *Id*. (quoting *City of Canton*, 489 U.S. at 378).

Beyond the threshold requirements, a plaintiff must satisfy additional elements. To establish that "the municipality had a policy," *id*., a plaintiff must do more than merely allege that a municipal defendant "maintained or permitted an official policy . . . of knowingly permitting . . . the type of wrongs" a plaintiff alleges elsewhere in the complaint, *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).  Rather, to state a cause of action for *Monell* liability, a plaintiff

must sufficiently allege four things, as follows. *Young v. City of Visalia*, 687 F. Supp. 2d 1155, 1163 (E.D. Cal. 2010). First, the plaintiff must "identify the challenged policy/custom." *Id*. Second, they must "explain how the policy/custom is deficient." *Id*. Third, they must "explain how the policy/custom caused the plaintiff harm." *Id*. Finally, the plaintiff must "reflect how the policy/custom amounted to deliberate indifference, *i.e*. show how the deficiency involved was obvious and the constitutional injury was likely to occur." *Id*.

To "identify the specific challenged policy," *id*., a plaintiff may point to "written policies, unwritten customs and practices, [or] failure to train municipal employees on avoiding certain obvious constitutional violations," *Benavidez v. County of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021). Where a plaintiff does not identify an express policy, they nonetheless may state a *Monell* claim if they allege a practice that is "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–168 (1970)). A plaintiff must allege more than a one-time incident; rather, they must allege "the existence of a pattern of tortious conduct by inadequately trained employees." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 407–08 (1997); *see City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985) (holding "[p]roof of a single incident of unconstitutional activity is not sufficient to impose [municipal] liability" under a failure-to-train theory).

In the present case, Plaintiffs allege a cavalcade of customs and policies that were the moving force behind the constitutional violations committed against Martinez while detained at MCJ and Twin Towers. (Compl. ¶¶ 69–75.) However, nowhere in Plaintiffs' fourth cause of action or Opposition do Plaintiffs cite a Constitutional right to which Martinez was entitled that the County and LASD's customs, polices, or procedures violated. (*See generally* Compl.; Opp'n.) At this stage in the litigation, the Court does not require factual allegations of municipal

customs and policies that gave rise to constitutional violations to do more than raise a "right to relief beyond a speculative level." *Twombly*, 550 U.S. at 555. But the Court *does* require Plaintiffs to meet the minimum threshold requirements necessary to plead *Monell* liability allegations. Here, Plaintiffs fail to meet the first threshold requirement by alleging the specific constitutional right that Martinez possessed and was subsequently deprived. (Compl. ¶¶ 69–75); *see Dougherty* 654 F.3d at 900 ("(1) that [the plaintiff] possessed a constitutional right of which [they were] deprived.") As such, the Court does not reach Defendants' moving arguments because it finds that Plaintiffs fail to state a prima facie claim for municipal liability under *Monell*.

Accordingly, the Court **GRANTS** Defendants' Motion and **DISMISSES** Plaintiffs' fourth cause of action **WITH LEAVE TO AMEND**.

### B.     Supervisory Liability–Sheriff Villanueva

In their fifth cause of action, Plaintiffs allege that Sheriff Alejandro Villanueva ("Sheriff Villanueva") is liable for Martinez's death under supervisory liability due to his inaction in the training, supervision, or control of his subordinates. (Compl. ¶¶ 76–86.) Defendants argue Plaintiffs' fifth cause of action against Sheriff Villanueva must be dismissed for failure to state a claim. (Mot. 8–10.) The Court finds Plaintiffs fail to state a claim against Sheriff Villanueva for supervisory liability.

A defendant may be held liable as a supervisor under § 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). "The requisite causal connection can be established . . . by setting in motion a series of acts by others or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (quoting *Starr v. Baca*, 652 F.3d 1202, 1207–08 (9th Cir. 2011)). To

be clear, "[a] supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "There is no respondeat superior liability under section 1983." *Id.* (citing *Ybarra v. Reno Thunderbird Mobile Home Vill.*, 723 F.2d 675, 680–81 (9th Cir. 1984)). Moreover, Ninth Circuit Model Jury Instruction 9.4 provides five avenues for individual supervisor liability in § 1983 actions: (1) supervisor directs subordinate, (2) supervisor set in motion acts of subordinate, (3) supervisor knew and failed to act to terminate acts by subordinates, (4) supervisor disregarded obvious consequences, and (5) supervisor's conduct showed reckless indifference to the deprivation by the subordinate of the rights of others.[4]

The Court finds *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) instructive in the present case. In *Starr*, the Ninth Circuit determined a plaintiff sufficiently stated a claim of supervisory liability against Sheriff Leroy Baca for deliberate indifference in maintaining prisoner's safety in Los Angeles County Jails. *Id.* at 1208–09. In making this determination, the Ninth Circuit pointed to over ten paragraphs of specific factual allegations made against Sheriff Baca in the plaintiff's amended complaint demonstrating Sheriff Baca's knowledge, deliberate indifference, and inaction regarding multiple incidents involving inmate deaths. *See, e.g., id.* at 1209–1211, 1216 ("In paragraph 37, Starr alleges that Sheriff Baca receives 'weekly reports from his subordinates responsible for reporting deaths and injuries in the jails,' and receives 'ongoing reports of his Special Counsel and Office of Independent Review.'"). The Ninth Circuit ultimately held that the specificity in plaintiff's factual allegations met

---

[4] Defendants correctly argue that Sheriff Villanueva cannot be "found vicariously liable for their subordinate's unconstitutional conduct under a theory of respondeat superior in a 1983 suit." (Mot. 8 (citing *Iqbal*, 556 U.S. 676).) Plaintiffs do not clarify whether they are pursuing a respondeat superior theory of liability against Sherriff Villanueva. (*See generally* Opp'n.) Even assuming Plaintiffs are not pursuing a respondeat superior liability claim against Sheriff Villanueva, and even when the Court construes the factual allegations in the light most favorable to Plaintiffs, Plaintiffs allegations still fail to state a claim.

the requisite elements to establish supervisory liability and therefore plaintiff sufficiently stated a claim. *Id.* at 1216–17.

In the instant action, Plaintiffs allege Sheriff Villanueva had a duty to constitutionally hire, train, and maintain his various subordinates and staff. (Compl. ¶ 77.) Plaintiffs also assert Sheriff Villanueva failed his constitutional duty with deliberate indifference to Plaintiffs', Martinez's, and others' constitutional rights. (*Id.* ¶¶ 78–79.) Plaintiffs allege that Sherriff Villanueva directed, approved, and ratified unconstitutional policies and actions. (*See id.* ¶¶ 80–84.) While the Court does not require Plaintiffs to provide over ten paragraphs of specific instances recapping Sheriff Villanueva's failure of duty, the Court *does* require Plaintiffs to provide factual allegations describing Sheriff Villanueva's concrete connection to the alleged constitutional violations. Here, Plaintiffs fail to mention, reference, or raise any non-conclusory factual allegations tying Sheriff Villanueva's actions or inaction to Martinez's mistreatment and death. (*See generally* Compl.) The Court declines to rely solely on conclusory allegations to determine the supervisory liability of Sheriff Villanueva. *Iqbal*, 556 U.S. at 663 ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements"). As such, the Court finds Plaintiffs fail to state a claim as to Sheriff Villanueva's supervisory liability.

Accordingly, the Court **GRANTS** Defendants' Motion and **DISMISSES** Plaintiffs' fifth cause of action as against Sheriff Villanueva **WITH LEAVE TO AMEND**.

C.   **Negligence – Wrongful Death**

In Plaintiffs' sixth cause of action for negligence, they allege that Defendants breached their duty to act with reasonable and due care toward Plaintiffs and Martinez. (Compl. ¶ 87–93.) Defendants argue Plaintiffs' sixth cause of action must be dismissed for failure to state a claim. (Mot. 10–12.) The Court finds Plaintiffs fail to state this claim against Defendants.

To state a claim for wrongful death based on a defendant's negligence, plaintiffs must plead "(1) a wrongful act or neglect on the part of one or more persons that (2) causes (3) the death of another person." *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 390 (1999) (internal quotation marks omitted) (citing Cal. Civ. Proc. Code § 377.60). A "county ordinarily is not liable if the employee's act or omission would not give rise to a cause of action against that employee[,] or if the employee is immune from liability." *Walker v. County of Los Angeles*, 192 Cal. App. 3d 1393, 1397 (1987) (internal citations omitted). "Thus, the county's liability depends on the liability of its employee[s]." *Id.*; *see* Cal. Gov't Code § 815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would . . .have given rise to a cause of action against that employee or his personal representative.").

Here, Plaintiffs allege DOES 1–10 breached their duty of care to Plaintiffs and Martinez, and therefore the County and LASD are vicariously liable for DOES 1–10's breaches. (Compl. ¶ 87–92.) However, Plaintiffs do not allege that Martinez's death was a result of Defendants' alleged wrongful action or negligence. (*Id.*) The key prima facie element required to plead a wrongful death negligence claim is that the defendant's wrongful actions caused the decedent's death. Plaintiffs' Complaint as currently written fails to do so. (*See generally* Compl.) Additionally, Plaintiffs fail to assert or address any allegations against Sheriff Villanueva in this cause of action. (*Id*.)

Accordingly, the Court **GRANTS** Defendants' Motion and **DISMISSES** Plaintiffs' sixth cause of action **WITH LEAVE TO AMEND**.

### D. Negligence—Medical Malpractice

In Plaintiffs' seventh cause of action, they allege DOES 1–10 acting within the scope of their employment, negligently failed to provide medical care owed to Plaintiffs and Martinez, and consequently the County and LASD are therefore also vicariously liable for DOES 1–10's negligence. (Compl. ¶¶ 94–98.) Defendants

argue Plaintiffs' seventh cause of action must be dismissed for failure to state a claim. (Mot. 10–12.) The Court finds Plaintiffs fail to state this claim against Defendants.

To state a claim for medical malpractice, the plaintiff must establish: "(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage" as a result of the professional's negligence. *Borrayo v. Avery*, 2 Cal. App. 5th 304, 310 (2016) (citing *Hanson v. Grode*, 76 Cal. App. 4th 601, 606 (1999)). As discussed in the previous negligence section, a municipality's liability depends on the liability of its employees. *Walker*, 192 Cal. App. 3d at 1397.

Here, Plaintiffs allege DOES 1–10 were "C[ounty] medical staff assigned to the C[ounty] Jails." (Compl. ¶ 95.) Plaintiffs also allege these medical staff personnel breached their duty of care to Martinez and Plaintiffs by neglecting to provide medical care owed to Martinez. (*Id.*) However, Plaintiffs do not articulate how they were injured as a direct result of DOES 1-10's alleged medical negligence. (*See generally* Compl.) Instead, Plaintiffs allege they "sustained injuries and damages" as a result of "the aforesaid negligence and carelessness." (*Id.* ¶ 97.) Although the Court accepts Plaintiffs' well-pleaded factual allegations as true, it does not accept such conclusory allegations and declines to make the inferential leaps necessary here to complete Plaintiffs' claim. *See Iqbal*, 556 U.S. at 663. As such, the Court finds Plaintiffs fail to state this claim.

Accordingly, the Court **GRANTS** Defendants' Motion and **DISMISSES** Plaintiffs' seventh cause of action **WITH LEAVE TO AMEND**.

### E.   California Government Code Section 845.6

Plaintiffs allege in their eighth cause of action that Defendants violated California Government Code section 845.6 ("Section 845.6"), because Defendants were either directly or vicariously notified of Martinez's medical condition and failed to take reasonable action to summon needed medical care and treatment. (Compl.

1  ¶¶ 99–102.)  Defendants argue Plaintiffs' eighth cause of action must be dismissed for
2  failure to state a claim.  (Mot. 12–13.)  The Court finds that Plaintiffs sufficiently state
3  a claim against Defendants for liability under Section 845.6.

4  Section 845.6 provides, in relevant part:

> Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; *but*, except as otherwise provided by Sections 855.8 and 856, a public employee, and the public entity where the employee is acting within the scope of his employment, *is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care*.

Cal. Gov't Code § 845.6 (emphases added).  "Liability under [S]ection 845.6 is limited to serious and obvious medical conditions requiring immediate care."  *Jett v. Penner*, 439 F.3d 1091, 1099 (9th Cir. 2006) (quoting *Watson v. California*, 21 Cal. App. 4th 836, 841 (1993)).  That said, California courts have construed the provision to create limited liability only "when: (1) the public employee 'knows or has reason to know [of the] need', (2) of '*immediate* medical care,' and (3) 'fails to take reasonable action to *summon* such medical care.'"  *Castaneda v. Dep't of Corr. & Rehab.*, 212 Cal. App. 4th 1051, 1070 (2013); *see Johnson v. County of Los Angeles*, 143 Cal. App. 3d 298, 317 (1983) ("[M]erely calling a doctor or other trained health care provider to examine a prisoner may be sufficient . . . .").

Here, Plaintiffs have pleaded each required element as listed in *Castaneda*—Plaintiffs allege that Defendants knew or had reason to know of Martinez's medical condition and medication needs and that care was ultimately denied. (*See* Compl. ¶¶ 19–25, 99–102.)  As to the first and second interconnected *Castaneda* elements, Plaintiffs and Martinez placed Defendants on notice on June 3, 2024, and June 5, 2022, by articulating to LASD deputies, MCJ personnel, and Twin Towers personnel that Martinez suffered from severe Alzheimer's and Dementia and required daily medicine to keep his health and mental state from deteriorating.  (*Id.* ¶ 19, 21, 23.)

Plaintiffs also allege—and Defendants do not deny—that on June 3, 2022, Martinez underwent a preliminary medical and psychological screening while in processing at MCJ. (*Id.* ¶ 20; Mot. 12–13.)  While the specific results of the screening will be disclosed during discovery, the Court finds it plausible from Plaintiffs' allegation that Martinez could have exhibited obvious signs of suffering from "serious health issues," putting Defendants on further notice of the need for immediate medical care. (Compl. ¶ 21.)  Furthermore, Martinez was transferred from MCJ to Twin Towers because he had a "rough night" due to his Dementia and *because* MCJ had not given him the medication or care he required.  (*Id.* ¶¶ 21–22.)  Thus, it is reasonable to infer that MCJ recognized Martinez's medical needs because it determined it was "not equipped to handle him" and transferred him to Twin Towers, where, presumably, he would be "handled" with better care.  (*See id.*)  Thus, the Court finds Plaintiffs sufficiently allege that Defendants were aware of Martinez's medical conditions and his need for immediate medical care.  As such, Plaintiffs satisfy the first and second elements under *Castaneda*.

Turning to the third *Castaneda* element, Plaintiffs allege Defendants failed to take reasonable action to summon medical care in the several days leading up to Martinez's death.  (*Id.* ¶¶ 19–23; Opp'n 11–12.)  More specifically, Plaintiffs allege that Defendants knew or had reason to know of Martinez's need for immediate medical attention as early as June 3, 2022, and yet took no action to summon medical care until after Martinez was found unresponsive in his cell on June 6, 2022.  (Compl. ¶ 25.)   The Court finds Plaintiffs demonstrate that Defendants failed to take reasonable action to summon immediate medical care.  *Castaneda,* 212 Cal. App. 4th 1070.  As such, the Court finds Plaintiffs have met the third *Castaneda* element.

Accordingly, the Court **DENIES** Defendants' Motion as to Plaintiffs' eighth cause of action.

### F.  Bane Act, California Civil Code Section 52.1

In Plaintiffs' ninth cause of action, they allege that Defendants violated the

Bane Act because Defendants were aware of Martinez's medical condition and his need for medication, and were threatening and coercive in interfering with Martinez's Fourth and Fourteenth Amendment rights concerning this need. (Compl. ¶¶ 103–11; Opp'n 13.) Defendants argue Plaintiffs' ninth cause of action must be dismissed for failure to state a claim. (Mot. 13–14.) The Court finds Plaintiffs fail to state a claim under the Bane Act.

The Bane Act, Cal. Civ. Code § 52.1, was enacted to address hate crimes; it "civilly protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out '*by threats, intimidation or coercion.*'" *Reese v. County of Sacramento*, 888 F.3d 1030, 1040 (9th Cir. 2018) (emphasis added) (quoting *Venegas v. County of Los Angeles*, 153 Cal. App. 4th 1230, 1238 (2007)). To state a claim under the Bane Act, a plaintiff must allege: (1) the defendant interfered with or attempted to interfere with the plaintiff's constitutional or statutory right by threatening or committing violent acts; (2) the plaintiff reasonably believed that if he exercised his constitutional right the defendant would commit violence against him; (3) the defendant injured the plaintiff to prevent him from exercising his constitutional right or retaliate against the plaintiff for having exercised his constitutional] right; (4) the plaintiff was harmed; and (5) the defendant's conduct was a substantial factor in causing the harm. *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 882 (2007) (quoting CACI No. 3025).

In the present case, Plaintiffs fail to allege at least the first, second, and third elements required to sufficiently state a claim under the Bane Act. First, Plaintiffs' do not allege any facts that indicate Defendants used threats or committed violent acts to interfere with Martinez's Fourth and/or Fourteenth Amendment rights. (*See generally* Compl. ¶¶ 103–11; Opp'n 13.) Second, Plaintiffs do not assert—anywhere in the Complaint—that Martinez reasonably believed that Defendants would commit violence against him if he exercised his constitutional rights. (*See generally* Compl.)

Third, Plaintiffs fail to allege that Defendants injured Martinez in order to prevent him from exercising his constitutional rights. (*See generally id.*) Thus, the factual allegations in Plaintiffs' ninth cause of action fall short of stating a claim for violation of the Bane Act. *See Austin B.*, 149 Cal. App. 4th at 882. As such, the Court determines Plaintiffs fail to state a claim under the Bane Act.

Accordingly, the Court **GRANTS** Defendants' Motion and **DISMISSES** Plaintiffs' ninth cause of action **WITH LEAVE TO AMEND**.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Dismiss (ECF No. 17), resolving parties' Request for Ruling (ECF No. 32), and **DENYING AS MOOT** parties' Stipulation (ECF No. 31). Plaintiffs have until May 13, 2024, to file their First Amended Complaint. Upon filing of the First Amended Complaint, Defendants have twenty-one days to file an Answer. If Plaintiffs fail to file their First Amended Complaint by the given deadline, the Court will dismiss Plaintiffs' fourth, fifth, sixth, seventh, and ninth causes of action with prejudice. The case will proceed as to the first, second, third, and eight causes of action.

**IT IS SO ORDERED.**

March 26, 2024

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**