**O**

# United States District Court
# Central District of California

ESTATE OF GREGORY MARTINEZ et al.,

Plaintiffs,

v.

COUNTY OF LOS ANGELES et al.,

Defendants.

Case № 2:23-cv-05586-ODW (MAAx)

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO COMPLY WITH LOCAL RULE 7-3 [91]**

Plaintiffs Estate of Gregory Martinez, Judy Martinez, Gregory Martinez, Jr., Timothy Martinez, Mathew Martinez, and Aurora England bring this action for the wrongful death of Gregory Martinez while he was in police custody. (Compl., Dkt. No. 1.) Defendants County of Los Angeles, Los Angeles County Sheriff's Department, Alejandro Villanueva, Lidia Corona, Jeszenia Baltodano, Manuel Ramirez-Hernandez, and Stacy Reedy now move for summary judgment as to all claims. (Mot. Summ. J. ("Motion" or "Mot."), Dkt. No. 91.) Plaintiffs oppose Defendants' Motion, in part, on the basis that Defendants did not comply with Local Rule 7-3's pre-filing meet and confer requirements. (Opp'n 15–16, Dkt. No. 93.) Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

Excluding certain exceptions not relevant here, prior to filing a motion in the Central District of California, Local Rule 7-3 requires that "counsel . . . must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution."  This conference "must take place in person, by telephone, or via videoconference" and occur at least seven days prior to the filing of the motion.  *Id.*  If the parties are unable to reach a resolution, "counsel for the moving party must include a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion."  *Id.* Due to the importance of Local Rule 7-3 in furthering judicial economy and the administration of justice, this Court expressly reminds counsel of their meet and confer obligations in the Court's Standing Order: "Counsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court."  Hon. Otis D. Wright, II Standing Order   § VII.A.2.,   https://www.cacd.uscourts.gov/Jps/honorable-otis-d-wright-ii. "Compliance with the Local Rules is not optional, and Local Rule 7-3 does not include a futility exception."  *Cerelux Ltd. v. Yue Shao*, No. 2:17-cv-02909-MWF (KSx), 2017 WL 4769459, at *1 (C.D. Cal. June 9, 2017).

One of Local Rule 7-3's purposes is to conserve judicial resources by eliminating issues that the Court need not consider.  *James R. Glidewell Dental Ceramics, Inc. v. Phila. Indem. Ins. Co.*, No. 8:16-cv-01155-JLS (Ex), 2016 WL 9223782, at *1 (C.D. Cal. Sep. 12, 2016).  The rule is of such importance that a district court may deny, strike, or decline to consider a party's motion for failing to comply with its requirements.  C.D. Cal. L.R. 7-4; *see Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) (affirming denial of a motion for failure to comply with local rules).  This discretion encompasses motions for summary judgment.  *See Singer v. Live Nation Worldwide, Inc.*, No. 8:11-cv-00427-DOC (MLGx), 2012 WL 123146, at *2 (C.D. Cal. Jan. 13, 2012) (denying motion for summary judgment where

movant only sent meet and confer letter three days prior to filing motion, in violation of Local Rule 7-3).

Here, Defendants assert: "This motion is made following the conference of counsel pursuant to L.R. 7-3," but Defendants do not include the date on which that asserted "conference" occurred and do not submit a declaration with the parties' positions. (*See* Notice Mot. 4, Dkt. No. 91.)  Further, instead of discussing the moving issues with Plaintiffs, Defendants simply sent Plaintiffs a "meet and confer letter regarding Defendants' intent to file a Motion for Summary Judgment." (*Id.*)  However, a letter does not comply with Local Rule 7-3, which requires that counsel discuss the moving issues "in person, by telephone, or via video conference."  Sending a letter (or an email, as Defendants actually sent here) thus does not constitute a "conference of counsel" under Local Rule 7-3.  The Court finds Defendants' representation to the contrary wholly unsupported by a plain reading of the Local Rules.

Defendants' failure to discuss the moving issues with Plaintiffs in advance of filing the Motion is obvious from the conclusory and disconnected briefs.  While it is "impossible to speculate, after the filing of the motion, what issues might have been resolved or better focused had the moving party" complied with Local Rule 7-3, *United States v. Kan-Di-Ki LLC*, No. 2:10-cv-00965-JST (RZx), 2013 WL 12147597, at *2 (C.D. Cal. Mar. 21, 2013), Defendants raise issues in the Motion that are clearly not in dispute.  For instance, had Defendants conferred as required, they may have learned that Plaintiffs intended to dismiss the seventh cause of action as well as all claims against Defendant Manuel Hernandez-Ramirez.   (Order Re Joint Stip., Dkt. No. 95.) Defendants may also have realized that Plaintiffs assert only three causes of action against Defendant Stacy Reedy.  (Opp'n 16 n.2.)  Thus, by failing to comply with the meet and confer requirement, Defendants deprived themselves of the advantage to be gained from targeted briefing.  Instead, they expended precious resources on needless and wasteful arguments.  *See City of Torrance v. Hi-Shear Corp.*, No. 2:17-cv-07732-FWS (JPRx), 2025 WL 2630169, at *1 (C.D. Cal. Aug. 13, 2025) ("A productive meet-

and-confer might have allowed the parties to submit more helpful summary judgment briefing to the court in this sprawling case."); *Caldera v. J.M. Smucker Co.*, No. 2:12-cv-04936-GHK (VBKx), 2013 WL 6987905, at \*2 (C.D. Cal. June 3, 2013) (noting that the rule "enables the parties to brief the remaining disputes in a thoughtful, concise, and useful manner").

Local Rule 7-3's direction that the parties meet and confer to *discuss* the substance and potential resolution of an anticipated motion is not a mere suggestion to be cavalierly set aside when its dictates are inconvenient. Courts in this district routinely deny or strike motions based on a party's failure to comply with Local Rule 7-3. *See, e.g.*, *Boedeker v. Farley*, No. 8:19-cv-02443-DOC (JDEx), 2020 WL 2536969, at \*1 (denying motion to dismiss for failure to comply with Local Rule 7-3); *R.H. v. County of San Bernardino*, No. 5:18-cv-01232-JLS (KKx), 2019 WL 10744836, at \*1 (striking motions for summary judgment for failure to comply with Local Rule 7-3). The Court finds similar consequences appropriate here. Accordingly, the Court exercises its discretion and declines to consider Defendants' Motion, as it does not comply with the Local Rules. The Motion is **DENIED.** (Dkt. No. 91.)

/ / /

The Court is compelled to note its disappointment with the parties' failure to confer thoroughly and in good faith on the substance of Defendants' Motion. It is apparent from the papers that such a conference would have benefitted not only the Motion, but also the case as a whole. The record in this case reflects aggression and obstruction on both sides, rather than the professionalism and civility the Court expects from members of its bar. As there remains much work to be done to resolve the disputes

in this case, the Court urges the parties to work cooperatively to resolve and streamline these issues before trial.

**IT IS SO ORDERED.**

February 17, 2026

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**